**Ricardo Casillas AMEZCUA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–74014.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 20, 2009.

Ricardo Casillas Amezcua, pro se.

Andrea Gevas, OIL, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel De-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.  R.App. P. 34(a)(2).

partment of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, BYBEE, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Ricardo Casillas Amezcua, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen and reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), we deny in part and dismiss in part the petition for review.

■ The BIA did not abuse its discretion in denying Petitioner's motion as untimely because the motion was filed more than seven months after the BIA's final order, and Petitioner failed to sufficiently justify the late filing. *See* 8 C.F.R. §§ 1003.2(b)(2), (c)(2); *see also Martinez–Serrano v. INS*, 94 F.3d 1256, 1258–59 (9th Cir.1996) (filing limitation period begins to run when the agency sends its decision to the correct address); *Singh v. Gonzales*, 494 F.3d 1170, 1172 (9th Cir.2007) (the presumption of proper mailing may be rebutted by an affidavit of non-receipt).

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ To the extent Petitioner seeks review of the BIA's November 29, 2006 order dismissing his appeal, we lack jurisdiction because the petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**