**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

DALIP SINGH,

*Petitioner,*

v.

ALBERTO R. GONZALES, Attorney
General,

*Respondent.*

No. 04-72701

Agency No.
A77-424-559

ORDER AND
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
May 17, 2006—San Francisco, California

Filed July 19, 2007

Before: Alex Kozinski and Raymond C. Fisher,
Circuit Judges, and Frederic Block, Senior District Judge.*

Opinion by Judge Fisher;
Concurrence by Judge Block

*The Honorable Frederic Block, Senior United States District Judge for
the Eastern District of New York, sitting by designation.

**COUNSEL**

Inna Lipkin, Law Office of Kuldip S. Dhariwal, Fremont, California, for the petitioner.

Peter D. Keisler, Assistant Attorney General, Jeffrey J. Bernstein, Senior Litigation Counsel, Benedetto Giliberti, Attorney, and Joan Smiley (argued), Attorney, United States Department of Justice, Washington, D.C., for the respondent.

**ORDER**

Singh's petition for rehearing and for rehearing en banc, filed January 12, 2007, is granted in part. The opinion filed November 28, 2006, *see Singh v. Gonzales*, 469 F.3d 863 (9th Cir. 2006), is hereby withdrawn. A superseding opinion and concurrence will be filed concurrently with this order. Further petitions for rehearing or rehearing en banc may be filed.

# OPINION

FISHER, Circuit Judge:

Petitioner Dalip Singh is a 42-year-old native and citizen of India. After an Immigration Judge (IJ) denied Singh's asylum claim, Singh timely appealed the IJ's adverse decision to the Board of Immigration Appeals (BIA). On October 7, 2003, the BIA issued its decision denying Singh's appeal in an order affirming the IJ without an opinion. Singh and his attorney of record, Kuldip Dhariwal, swear they did not receive notice of the decision.[1] The BIA contends, however, that it sent the decision by regular mail to Singh's counsel, whose correct address appears on the decision's transmittal cover sheet; the BIA acknowledges that the decision was not sent to Singh himself.

Singh contends that neither he nor his attorney learned of the BIA's October 2003 decision until February 2004, well after the time for Singh to file an appeal with this court had lapsed. *See* 8 U.S.C. § 1252(b)(1) (30-day time limit for filing petitions for judicial review); *Caruncho v. INS*, 68 F.3d 356, 359 (9th Cir. 1995) (statutory time limit is mandatory and jurisdictional); *see also Stone v. INS*, 514 U.S. 386, 394-95 (1995) (statutory time limit is not tolled by the filing of a motion to reopen or reconsider). On February 23, Dhariwal received a "bag and baggage order" from the Immigration and Naturalization Service,[2] directing Singh to appear for removal on March 2, 2004.[3] After Dhariwal phoned the BIA and was

---

[1] The factual allegations supporting Singh's and Dhariwal's claims that they did not receive notice of the October 2003 decision are taken from the motion to reopen and affidavits submitted to the BIA. Except as otherwise noted, the government does not contest these assertions.

[2] The INS has been abolished and its functions transferred to the Department of Homeland Security. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135, 2142 (2002), 6 U.S.C. §§ 101-557.

[3] The bag and baggage order was dated February 11, 2004. Such an order issues once the government determines that there is no further administrative relief available to an alien who is subject to an order of removal, and instructs the alien to appear at a specified location and time for removal.

informed about its October 2003 denial of Singh's appeal, he promptly filed a motion to reopen with the BIA, requesting that it reissue its decision so Singh could timely appeal to this court. Both Dhariwal and Singh attached affidavits to the motion to reopen, swearing under penalty of perjury that neither had received the Board's earlier decision. The BIA denied Singh's motion on April 28, 2004, stating, in full: "The respondent has filed a motion to reissue the Board's October 7, 2003, decision. The motion is denied, as the record reflects that the respondent's decision was correctly mailed to the respondent's attorney of record." Singh now petitions for review of the Board's denial of his motion to reopen.

**[1]** Singh's affidavits of nonreceipt suggest that the decision may never have been mailed. If true, that would violate 8 C.F.R. § 1003.1(f), which requires that the BIA serve a copy of its decision on the affected alien. The BIA stated that the decision "was correctly mailed" to Singh's attorney, but provided no explanation of how it reached this conclusion. "[T]he BIA is obligated to consider and address in its entirety the evidence submitted by a petitioner," and where its failure to do so could have affected its decision, remand is appropriate. *Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005); *see also Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004).

**[2]** If the decision was properly mailed, then the BIA fulfilled its statutory duty of service. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Time for filing a review petition begins to run when the BIA complies with the terms of federal regulations by mailing its decision to petitioner's [or his counsel's] address of record.") (emphasis removed); *see also* 8 C.F.R. §§ 1003.1(f), 1003.13 (requiring the BIA to serve notice of its decision on the affected alien and defining service as "physically presenting or *mailing* a document to the appropriate party or parties"). In concluding that Singh's decision was properly mailed, however, the BIA did not explain its reasons for doing so, nor did it acknowl-

edge the affidavits filed by both Singh and his lawyer alleging nonreceipt of the BIA's decision. Although we have previously held that a properly addressed cover letter creates a presumption of mailing on the date of the cover letter, *see Haroutunian v. INS*, 87 F.3d 374, 375 (9th Cir. 1996), we have never held that such a presumption cannot be rebutted by affidavits of nonreceipt by both a petitioner and his counsel of record. Indeed, in *Haroutunian*, we specifically noted that "[a]lthough Haroutunian had ample opportunity to present evidence" to support his assertions of nonmailing, he had failed to do so and that the sole evidence before us then was the properly addressed cover letter. *Id.*; *see also Karimian-Kaklaki v. INS*, 997 F.2d 108, 111 (5th Cir. 1993) (applying a presumption of mailing based on a cover letter but noting that "petitioners have not asserted that they did not receive a copy of the BIA decision"). Because the only evidence regarding mailing petitioners would have is information about their own receipt or nonreceipt of the decision, *Haroutunian* does not foreclose a petitioner's sworn affidavit — particularly if reinforced by an affidavit from counsel, as here — being sufficient to rebut the presumption of mailing and requiring the BIA to look beyond the cover letter. We decline to resolve this issue on the record before us, however.

Had the BIA considered and specifically addressed the effect of Singh's and his counsel's affidavits of nonreceipt, it may well have concluded that the presumption of mailing created by the cover letter was rebutted and would have required further evidence of mailing before determining that the decision had indeed been properly mailed. *See Nunley v. City of Los Angeles*, 52 F.3d 792, 795-96 & n.5 (9th Cir. 1995) (stating that "[u]nder the so-called 'bursting bubble' approach to presumptions, a presumption disappears where rebuttal evidence is presented" and that a "specific factual denial of receipt" by the addressee is sufficient to support a finding that the recipient did not receive notice of entry of judgment from the district court, thereby allowing the district court the discretion to extend the party's time to file an appeal). We do not

know from the BIA's cursory denial of Singh's motion in its April 28, 2004 decision whether or not it did consider the affidavits, or what process it would have followed assuming the affidavits were sufficient to rebut the presumption of mailing.

**[3]** Without the benefit of the BIA's articulated reasoning on these issues, we decline to decide in the first instance the weight and consequences of Singh's and his counsel's sworn affidavits of nonreceipt, and remand to the BIA to do so. *See INS v. Ventura*, 537 U.S. 12, 17 (2002) (per curiam). It would be helpful to the court if on remand the BIA would specifically address what procedures or processes exist to assure that petitioners are notified of the BIA's decisions, including assuring that decisions are actually mailed, and how petitioners can inform themselves of the status of pending decisions.

**[4]** We therefore GRANT the petition for review and **REMAND** for further proceedings consistent with this opinion.

---

BLOCK, Senior District Judge, concurring in the result:

I agree that the BIA's failure to address the affidavits of non-receipt requires remand. I write separately, however, to express my disagreement with my colleagues' conclusion that the BIA should be allowed to determine, in the first instance, the legal effect of the affidavits. In my view, we owe it to the parties to provide clearer guidance, if for no other reason than to foreclose another petition for review should the BIA mistakenly determine that the affidavits, if authentic, do not overcome the presumption of mailing. *Cf., e.g., Yepes-Prado v. INS*, 10 F.3d 1363, 1372 (9th Cir. 1993) ("To avoid a repetition of [the BIA's] errors on remand, we will address them at this point.").

I would hold that, absent any concerns about their authenticity, the affidavits were sufficient to rebut the presumption

of mailing that arose by virtue of the BIA's correctly addressed cover letter. *See Nunley v. City of Los Angeles*, 52 F.3d 792, 796 (9th Cir. 1995) ("Courts have formulated the presumption [of mailing] so as to hold it rebutted upon a specific factual denial of receipt."). I would, therefore, remand and require the BIA (1) to address whether there is any reason to doubt the affidavits' authenticity, and if not, (2) to determine, without the benefit of any presumption, whether its decision was properly mailed. *See id.* ("Under the so-called 'bursting bubble' approach to presumptions, a presumption disappears where rebuttal evidence is presented.").