Temo **TINOCO–RAMIREZ**, Petitioner,

v.

Peter D. **KEISLER** *, Attorney General, Respondent.

Temo Tinoco–Ramirez, Petitioner,

v.

Peter D. Keisler *, Attorney General, Respondent.

Nos. 05–74608, 05–75607.

United States Court of Appeals, Ninth Circuit.

Submitted June 21, 2007.**

Filed Sept. 25, 2007.

Gary H. Manulkin, Esq., Manulkin Glaser & Bennett, Fountain Valley, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Thankful T. Vanderstar, Esq., OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, Acting Attorney General of the United States, pursuant to Fed R.App. P. 43 c(2)

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SKOPIL, FARRIS, and BOOCHEVER, Circuit Judges.

### MEMORANDUM***

Temo Tinoco–Ramirez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) refusal to either reopen or reissue a decision affirming an Immigration Judge's denial of cancellation of removal. Tinoco–Ramirez contends that, because he did not receive notice of the BIA's decision, he stayed beyond his voluntary departure date and is now precluded from adjusting his status based on his marriage to a United States citizen. We grant the petition and remand for further proceedings.

We recently considered whether the BIA abuses its discretion when it refuses to reopen or reissue a decision that the alien claims he did not receive. *See Singh v. Gonzales,* 494 F.3d 1170 (9th Cir.2007). We noted that evidence of proper mailing creates a presumption that may be overcome by "affidavits of nonreceipt by both a petitioner and his counsel of record." *Id.* at 1172. Such affidavits were filed by Singh and his counsel, but it was unclear whether the BIA considered them "or what process it would have followed assuming the affidavits were sufficient to rebut the presumption of mailing." *Id.* at 1173. Accordingly, we remanded the matter to the BIA. *Id.*

Here, the BIA denied relief without commenting on the sufficiency of the affidavits submitted by Tinoco–Ramirez and his former attorney. *Singh* requires us to remand to permit the BIA in the first instance to review the affidavits to determine if they are sufficient to overcome the presumption of delivery.

**PETITION FOR REVIEW GRANTED; REMANDED FOR FURTHER PROCEEDINGS.**

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

