**Manjit KAUR, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–71867.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008.*

Filed Jan. 22, 2008.

Jonathan M. Kaufman, Esq., San Francisco, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Kristin A. Cabral, Esq., Marion E. Guyton, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Manjit Kaur, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying her motion to reconsider its denial of her motion to reopen removal proceedings in which she was ordered removed in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review of abuse of discretion, *Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir.2005), and we grant the petition for review and remand.

The BIA abused its discretion by failing to consider Kaur's argument that she was not properly notified of her appeal's dismissal because attorney Randhir Kang did not file a signed "Notice of Entry of Appearance" (Form EOIR–27). *See Sagaydak v. Gonzales,* 405 F.3d 1035, 1040 (9th Cir.2005) ("[T]he BIA [is] not free to ignore arguments raised by a petitioner."). Kaur contends that service of the BIA's September 10, 2004 decision on Kang was improper, as he was not officially representing her at the time. *See* 8 C.F.R. §§ 1003.1(f), 1003.3(a)(3); *cf. Singh v. Gon-*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*zales,* 494 F.3d 1170, 1172 (9th Cir.2007) (discussing the BIA's "duty of service" of its decisions). We remand for the BIA to consider Kaur's contention in the first instance. *See generally INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.