**Rachhpal SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–73983.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008 *.

Filed March 10, 2008.

George T. Heridis, Esq., Zeena Batliwalla, Rai & Associates, P.C., San Francisco, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., Ernesto H. Molina, Jr., Margaret Perry, Esq., Andrew C. Maclachlan, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, D.C., for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Rachhpal Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen proceedings to reissue its order affirming an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of motions to reopen and review de novo claims of due process violations. *See Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny the petition for review.

The BIA did not abuse its discretion or violate Singh's due process rights when it determined that reissuance was not warranted because it mailed its October 17, 2003 decision to the correct address for Singh's then-counsel of record. *See Singh v. Gonzales,* 494 F.3d 1170, 1172 (9th Cir. 2007) (BIA fulfills its statutory duty of service if a decision was properly mailed).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Singh's claims that his former counsel mailed the decision to Singh at an incorrect address and failed to inform him of the outcome of his proceedings until the deadline to file a petition for review are unavailing. *See Garcia v. INS*, 222 F.3d 1208, 1209 (9th Cir.2000) (per curiam) (describing the longstanding principle that a party is considered to have notice of all facts of which his attorney has notice) (citations omitted).

We do not consider Singh's equitable tolling contention because the BIA did not deny his motion as untimely.

**PETITION FOR REVIEW DENIED.**