**Barjinder SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**Nos. 04–74683, 04–76617.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 13, 2008.

Filed March 24, 2008.

---

* This disposition is not appropriate for publication and is not precedent except as provided

by 9th Cir. R. 36–3.

Ashwani K. Bhakhri, Esq., Joseph J. Siguenza, Esq. Law Offices of Ashwani. K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Elizabeth J. Stevens, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Michael B. Billingsley, Esq., U.S. Attorney Office Northern Dist of Alabama, Birmingham, AL, for Respondent.

Before: REINHARDT, BRUNETTI, and FISHER, Circuit Judges.

MEMORANDUM *

Petitioner, Barjinder Singh, seeks review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen to adjust his status and its denial of his motion to reconsider that decision. Singh contends that the BIA abused its discretion in denying his motion to reopen as untimely without considering all of the evidence contained in the record, including his own sworn statement as well as that of his counsel, that he was entitled to equitable tolling of the filing deadline because the BIA did not timely notify him of the agency's final decision.

■ We have recently held that the BIA abuses its discretion when it fails to consider affidavits of non-receipt submitted by an alien and his attorney in order to rebut the presumption of service. *See Singh v. Gonzales,* 494 F.3d 1170, 1172–73 (9th Cir.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2007) (hereinafter *"Dalip Singh"*) (explaining that "[h]ad the BIA considered and specifically addressed the effect of Singh's and his counsel's affidavits of non-receipt, it may well have concluded that the presumption of mailing created by the cover letter was rebutted"). In the present case, as in *Dalip Singh,* Singh submitted evidence to rebut the presumption that service was effected on the date of the agency's final decision, December 23, 2003. This evidence consisted of: (1) Singh's sworn statement that he "received the Board decision on or about January 23, 2004," (2) a declaration from his attorney claiming that he first "received the decision by fax from the Petitioner on January 27, 2004," (3) a copy of the envelope in which Singh received the decision from the BIA, which contains a January 21, 2004 postage stamp, and (4) a faxed copy of the BIA's decision that Singh's attorney received from Singh, dated January 27, 2004. Our decision in *Dalip Singh* makes plain that the BIA's failure to address this evidence in denying Singh's motions to reopen and reconsider constitutes an abuse of discretion. *See id.*

■ The government nevertheless contends that we should deny Singh's petition because he cannot demonstrate that he was prejudiced by the BIA's error. *See Iturribarria v. INS,* 321 F.3d 889, 901 (9th Cir.2003). We have held that the prejudice standard is satisfied where "an alien's rights are violated 'in such a way as to *affect potentially* the outcome of their deportation proceedings.'" *Ramirez–Alejandre v. Ashcroft,* 319 F.3d 365, 383 (9th Cir.2003) (en banc) (emphasis added) (citation omitted). This standard is met here.

Singh is currently subject to a frivolousness determination that, if upheld, would render him permanently ineligible for immigration relief, including adjustment of status. *See* 8 U.S.C. § 1158(d)(6). Although that determination is not on direct review, the record before us leaves no doubt that the frivolousness determination is patently erroneous in two respects. First, the statute requires that an alien be advised of the consequences of knowingly filing a frivolousness asylum application *"[a]t the time of filing* an application for asylum." 8 U.S.C. § 1158(d)(4) (emphasis added). Singh did not receive this required notice because the version of the asylum application that Singh affirmatively filed in March 1997 did not include such notice. Second, we have "long held that the BIA abuses its discretion when it fails to provide a reasoned explanation for its actions." *Movsisian v. Ashcroft,* 395 F.3d 1095, 1098 (9th Cir.2005). Here, the BIA rejected the reasons that the IJ relied on in reaching her frivolousness finding, but nevertheless summarily concluded that Singh "fabricated his claim." The BIA's failure to give any explanation for its action, reasoned or otherwise, is contrary to our well-established law.

Singh challenged the BIA's frivolousness determination in his motion to reopen. On remand, the BIA may construe that portion of the motion to reopen as a motion to reconsider the frivolousness determination. *See* 8 C.F.R. § 1003.2(b)(1). Although that motion was untimely, the thirty-day filing deadline for a motion to reconsider, as with a motion to reopen, may be equitably tolled. *See Mendez–Alcaraz v. Gonzales,* 464 F.3d 842, 845 (9th Cir.2006) (explaining that "the deadline [for filing a motion to reconsider] can be equitably tolled"). The BIA therefore has the authority to review the late-filed motion and to reconsider its frivolous determination. If it does so, and the frivolous determination is struck down, Singh would be able to pursue his application for adjustment of status based on the approved immigrant visa petition filed by his U.S. citizen spouse. Accordingly, we conclude that the outcome of Singh's removal proceedings

was potentially affected by the BIA's dismissal of his motion to reopen as untimely. *Ramirez–Alejandre*, 319 F.3d at 383.

For the reasons set forth above, we grant the petition for review and remand.

**PETITION GRANTED AND RE-MANDED.**