**Freddy CABRERA–MONSERATE, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**Nos. 04–73422, 04–74601.**

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2008.*

Filed May 20, 2008.

D. Jade Mundel, Marks & Acalin, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, U.S. Department of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Justice Civil Div./Office, Washington, DC, for Respondent.

Before: FISHER and PAEZ, Circuit Judges, and LORENZ, District Judge.[**]

### MEMORANDUM [***]

Freddy Cabrera–Monserate, a native and citizen of Ecuador, petitions for review of the Board of Immigration Appeals' ("BIA") orders denying his motion to reissue its December 2003 decision and his motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008), we grant the petition and remand for further proceedings.

The BIA abused its discretion by failing to specifically address the effect of the affidavit of Cabrera–Monserate's counsel stating that he never received the BIA's decision. *See Singh v. Gonzales*, 494 F.3d 1170, 1172–73 (9th Cir.2007) (explaining that "[h]ad the BIA considered and specifically addressed the effect of Singh's and his counsel's affidavits of nonreceipt, it may well have concluded that the presumption of mailing created by the cover letter was rebutted"). In the present case, as in *Singh*, Cabrera–Monserate submitted evidence that might have rebutted the presumption that the BIA's decision was mailed on the date of the transmittal letter. *Cf. Haroutunian v. INS*, 87 F.3d 374, 375 (9th Cir.1996). We therefore remand for the BIA to determine in the first instance whether that evidence is sufficient to overcome the presumption of mailing, and then to articulate its reasoning accordingly.

**PETITION FOR REVIEW GRANTED; REMANDED.**

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

