MEMORANDUM *
Aidan Doherty, a dual citizen of the United Kingdom and the Republic of Ire *54 land, and native of Derry, Northern Ireland, petitions this court to review the Board of Immigration Appeals’ (BIA’s) decision to reverse an immigration judge’s (IJ’s) grant of relief from removal. We have jurisdiction under 8 U.S.C. § 1252(a), and we grant the petition in part, deny in part, and remand.
1. Doherty challenges the BIA’s determination that he did not establish changed or extraordinary circumstances that would excuse his failure to file his asylum application before the one-year filing deadline. See 8 U.S.C. § 1158(a)(2)(B), (D). We review the BIA’s determinations regarding changed and extraordinary circumstances for substantial evidence. Dhital v. Mukasey, 532 F.3d 1044, 1050 (9th Cir.2008) (extraordinary circumstances); see Ramadan v. Gonzales, 479 F.3d 646, 657 (9th Cir.2007) (changed circumstances). Doherty filed his application in 2005, five years after entering the United States and four years after learning that his brother in Northern Ireland had received a letter warning him that he was on a Loyalist/Protestant paramilitary group’s “death list.” We hold that substantial evidence supports the BIA’s determination that, even if the letter constituted changed circumstances, Doherty failed to file his asylum application within a reasonable time of learning of the letter. See 8 C.F.R. § 1208.4(a)(4)(ii).
Moreover, Doherty’s lack of formal education, his soft-spoken nature, his difficulty in obtaining advice regarding asylum from attorneys with whom he consulted, and his despondency at being unable to legalize his status do not rise to the level of extraordinary circumstances. See 8 C.F.R. § 1208.4(a)(5). We therefore hold that substantial evidence supports the BIA’s determination that Doherty failed to establish extraordinary circumstances excusing the untimeliness of his asylum application.
However, although Doherty raised the issue before the BIA the BIA did not consider whether the alleged erosion of the Irish peace process beginning in 2005, when Doherty filed his application for asylum, constituted changed circumstances that would excuse his failure to meet the one-year deadline. The BIA is “not free to ignore arguments raised by [a party].” Sagaydak v. Gonzales, 405 F.3d 1035, 1040 (9th Cir.2005). We therefore grant the petition in part, and remand the case to the BIA to determine whether this alleged erosion of the Irish peace process constituted changed circumstances. Singh v. Gonzales, 494 F.3d 1170, 1173 (9th Cir. 2007) (remanding to the BIA when it was not clear from the BIA’s decision whether it had considered the effect of the petitioner’s affidavits).
2. Doherty also challenges the BIA’s denial of withholding of removal to the United Kingdom based on its determination that Doherty could safely relocate within the United Kingdom. See 8 C.F.R. § 1208.16(b)(l)(i)(B). We review the BIA’s withholding of removal determination for substantial evidence. Zehatye v. Gonzales, 453 F.3d 1182, 1184-85 (9th Cir. 2006). The BIA did not disturb the IJ’s determination that Doherty had suffered past persecution, creating a presumption of eligibility for withholding of removal, Hanna v. Keisler, 506 F.3d 933, 940 (9th Cir.2007), see 8 C.F.R. § 1208.16(b)(l)(i), and shifting the burden to the government to show by a preponderance of evidence that Doherty could safely relocate within the United Kingdom, 8 C.F.R. § 1208.16(b)(1)(h). Substantial evidence, including evidence that Doherty’s siblings *55 continue to live in both England and Northern Ireland and a lack of evidence showing that the Loyalist/Protestant paramilitary groups that are a threat to Do-herty operate in England, supports the BIA’s determination that Doherty could safely relocate within the United Kingdom and its denial of withholding of removal to the United Kingdom. We therefore deny Doherty’s petition for review on this issue.
PETITION GRANTED in part; DENIED in part; and REMANDED. Each party shall bear its own costs.

 This disposition is not appropriate for publication and is not precedent except as provided *54 by 9th Cir. R. 36-3.