**ZHONG LI, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–70449.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 29, 2009.

Zhong Li, Alhambra, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Gregory Darrell Mack, Esquire, Senior Litigation Counsel, Anthony W. Norwood, Senior Litigation Counsel, Terri Jane Scadron, Assistant Director, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Zhong Li, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen proceedings to reissue its August 3, 2005 order dismissing his appeal from an immigration judge's denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008), we grant the petition for review and remand for further proceedings.

As a preliminary matter, we reject the respondent's contention that Li has waived

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

challenge to the denial of his motion to reopen. *See Alcaraz v. INS*, 384 F.3d 1150, 1161 (9th Cir.2004) ("[W]e may review an issue ... if the failure to raise the issue properly did not prejudice the defense of the opposing party.") (quotation and citation omitted).

The BIA abused its discretion by failing to specifically address Li's allegation that he did not receive notice of the BIA's August 3, 2005 order. *See Singh v. Gonzales*, 494 F.3d 1170, 1172–73 (9th Cir. 2007) (presumption of proper mailing may be overcome by evidence of non-receipt by petitioner or counsel). We remand for the BIA to address Li's allegation of non-receipt in the first instance and determine whether it is sufficient to overcome the presumption of mailing. *See id.*

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.