**XINGJIE GE, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–76963.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2009.[*]

Filed May 27, 2009.

Xingjie Ge, San Gabriel, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., David E. Dauenheimer, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration, Washington, DC, for Respondent.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

### MEMORANDUM **

Xingjie Ge, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") November 16, 2006 order denying his second motion to reopen and reissue the BIA's December 23, 2003 order. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and grant in part the petition for review.

We lack jurisdiction to review the BIA's December 23, 2003 order dismissing Ge's appeal from the immigration judge's decision denying asylum, withholding of removal, and protection under the Convention Against Torture because the petition for review is not timely as to that order. *See Andia v. Ashcroft,* 359 F.3d 1181, 1183 n. 3 (9th Cir.2004) (per curiam).

In denying Ge's motion in its November 16, 2006 order, the BIA stated that the decision was "correctly mailed," but it provided no explanation of how it reached this conclusion, and did not address Ge's declaration or the envelope postmarked January 26, 2005 that Ge submitted to show he did not receive the BIA's December 23, 2003 order until February 1, 2005. *See Singh v. Gonzales,* 494 F.3d 1170, 1172 (9th Cir.2007) (presumption of proper mailing may be overcome by evidence of non-receipt by a petitioner). Because the BIA did not address Ge's evidence, we remand to the BIA to consider it in the first instance. *See id.* ("The BIA is obligated to consider and address in its entirety the evidence submitted by a petitioner.") (internal quotation and citation omitted).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**