**NOT FOR PUBLICATION**

MAY 06 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| AMRITPAL SINGH,<br><br>              Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>              Respondent. | No. 07-71985<br><br>Agency No. A077-814-770<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 2, 2011[**]
Pasadena, California

Before: SILVERMAN, TALLMAN, and CLIFTON, Circuit Judges.

Amritpal Singh petitions for review of the Board of Immigration Appeals'

denial of his second motion to reopen. We deny the petition.

The Board did not abuse its discretion in declining to equitably toll the time

for filing the motion. *See Iturribarria v. INS*, 321 F.3d 889, 897-98 (9th Cir.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2003).  First, Singh did not exercise due diligence in discovering that his counsel, Sarin, failed to file a brief in support of Singh's appeal.  Singh waited over two years after obtaining his file from Sarin before hiring new counsel.  The contract with Stephens stated that Stephens, upon whom Singh relied, was only an "immigration consultant."  *See Hernandez v. Mukasey*, 524 F.3d 1014, 1020 (9th Cir. 2008) ("[R]eliance upon the advice of a non-attorney cannot form the basis of a claim for ineffective assistance of counsel in a removal proceeding.").  Second, in light of Singh's ability to provide detailed testimony about material facts and the lack of evidence that Sarin was informed of any injury to Singh's head, Sarin did not provide ineffective assistance of counsel by failing to investigate or argue Singh's alleged mental deficiencies.  *Cf. Stankewitz v. Woodford*, 365 F.3d 706, 719-20 (9th Cir. 2004).

Absent equitable tolling, the motion to reopen is time and number barred. The motion was filed well beyond the 90-day statutory limitation.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *Azarte v. Ashcroft*, 394 F.3d 1278, 1283-84 (9th Cir. 2005).  It is undisputed that this was Singh's second motion to reopen, which Singh was not entitled to file.  *See* 8 U.S.C. § 1229a(c)(7)(A); *Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008).

Finally, the Board properly exercised its discretion in declining to reissue its decision. Singh does not dispute that the original decision was provided to him in compliance with federal regulations. *See Singh v. Gonzales*, 469 F.3d 863, 867 (9th Cir. 2006), *withdrawn and superseded on other grounds by* 494 F.3d 1170 (9th Cir. 2007).

**PETITION DENIED**.