**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MADHU SUDHAN ADHIKARI,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-74061

Agency No. A098-848-292

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2012[**]

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Madhu Sudhan Adhikari, a native and citizen of Nepal, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from

the immigration judge's decision denying his application for asylum and

withholding of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We grant the petition for review, and we remand.

Substantial evidence does not support the BIA's adverse credibility finding based on a perceived inconsistency between Adhikari's declaration and testimony regarding the nature of the threats he received from Maoists, because Adhikari's ultimate testimony that he perceived the Maoists' threat in January of 2005 as an intent to physically harm him is consistent with what he stated in his declaration. *See Morgan v. Mukasey*, 529 F.3d 1202, 1206-10 (9th Cir. 2008) (agency relied on discrepancies that did not exist or were inconsequential).

In reaching its alternate finding that Adhikari failed to establish a well-founded fear of persecution, the BIA erred because it did not consider Adhikari's declaration and relevant testimony documenting specific instances in which Maoists continued to search for him after his confrontation with them. *See Singh v. Gonzales,* 494 F.3d 1170, 1173 (9th Cir. 2007) (remanding where the BIA failed to consider and address affidavits submitted by petitioner and his attorney).

08-74998

Accordingly, we remand for the BIA to assess Adhikari's asylum and withholding of removal claims in light of this disposition, deeming his testimony credible. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**