**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ACHARA KRACHINGKLING, | No. 09-71590 |
| Petitioner, | Agency No. A070-088-989 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2013**
Pasadena, California

Before: THOMAS, SILVERMAN, and FISHER, Circuit Judges.

Lin Yang[1] petitions for review from the BIA's denial of his motion to
reopen. We grant the petition for review. Because the parties are familiar with the
history and facts of the case, we need not recount it here.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      Respondent's unopposed motion to submit this case on the briefs was
granted. *See* Fed. R. App. P. 34(a)(2).

[1]Yang explains that his "name was previously incorrectly put down by the
INS as 'Krachingkling Achara,'" but his name is actually Lin Yang.

We review the denial of a motion to reopen for abuse of discretion. *Chang Hua He v. Gonzales*, 501 F.3d 1128, 1130 (9th Cir. 2007). "Because the BIA expressly adopted the IJ's decision under *Matter of Burbano*, but also provided its own review of the evidence and the law, we review both the IJ and the BIA's decision." *Joseph v. Holder*, 600 F.3d 1235, 1240 (9th Cir. 2010).

In this case, the BIA abused its discretion in concluding that Yang's motion to reopen was time and number barred. There are exceptions to the numerical and timeliness requirements if the applicant can establish "changed country conditions arising in the country . . . to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Yang submitted evidence and affidavits, accepted as true by the agency, showing that the government had increased the use of forced sterilizations and abortions in his hometown, and that two neighbors had undergone forced abortions or sterilizations. The agency abused its discretion by accepting the evidence as true, but rejecting it as non-specific. "[F]acts presented in affidavits supporting a motion to reopen must be accepted as true unless inherently unbelievable." *Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005). The undisputed evidence was sufficient to clear the "hurdle" requiring Yang "to

2

produce evidence that conditions had changed in China," and it was an abuse of discretion for the BIA to hold otherwise. *See Feng Gui Lin v. Holder*, 588 F.3d 981, 986 (9th Cir. 2009).

The BIA also abused its discretion by offering alternative grounds for denial without addressing Yang's evidence. "While the Board has broad discretion in ruling on a motion to reopen, it must show proper consideration of all factors, both favorable and unfavorable, in determining whether to grant a motion to reopen." *Toufighi v. Mukasey*, 538 F.3d 988, 993 (9th Cir. 2008). Though the BIA does not have to address every piece of evidence, it is required to consider the evidence "in its entirety . . . and where its failure to do so could have affected its decision, remand is appropriate." *Singh v. Gonzales*, 494 F.3d 1170, 1172 (9th Cir. 2007). The BIA did not address any of Yang's evidence, so its findings that "children born abroad are 'not counted'" and that Yang "need not return to his home village" were not sufficiently supported. Indeed, the only evidence in the record is to the contrary.

Therefore, we grant the petition for review and remand to the BIA for further proceedings.

**PETITION GRANTED; REMANDED.**

3