**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AIDA JACINTO HERNANDEZ, | No. 12-71140 |
| Petitioner, | Agency No. A095-306-643 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2013[**]

Before:     SCHROEDER, GRABER, and PAEZ, Circuit Judges.

Aida Jacinto Hernandez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the denial of a motion to reopen, and review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

questions of law, including constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Jacinto Hernandez's motion to reopen as untimely, where the motion was filed five years after proper notice of the final order of removal, and Jacinto Hernandez did not demonstrate grounds for any exception to the filing deadline. *See* 8 C.F.R. §§ 1003.2(c)(1)-(2), 1003.38(e); *see also Singh v. Gonzales*, 494 F. 3d 1170, 1172 (9th Cir. 2007) (the BIA fulfills its statutory duty of service and complies with the federal regulations by mailing its decision to petitioner's address of record). It follows that Jacinto Hernandez's due process claim, which rests entirely on the failure to reopen, fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (an alien must show error and prejudice to prevail on a due process claim).

We lack jurisdiction to review the BIA's decision not to exercise its sua sponte authority to reopen proceedings. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**