NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OLADEJI AMOS OMOJUWA,<br><br>　　　　　　　　　Petitioner,<br><br>　v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>　　　　　　Respondent. | No. 15-73276<br><br>Agency No. A208-116-914<br><br>ORDER |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:　　SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

　　　Oladeji Amos Omojuwa, a native and citizen of Nigeria, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture

---

　　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.　See Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards created by the REAL ID Act. *Ren v. Holder*, 648 F.3d 1079, 1083-84 (9th Cir. 2011). We review for abuse of discretion the denial of a continuance, *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 923 (9th Cir. 2007), and review de novo claims of due process violations in removal proceedings, *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006). We deny in part and grant in part the petition for review, and we remand.

The IJ did not abuse his discretion in denying a further continuance for Omojuwa to obtain counsel. *See Biwot v. Gonzales*, 403 F.3d 1094, 1099 (9th Cir. 2005) (listing factors to be considered when deciding what constitutes a reasonable time to obtain counsel). Further, Omojuwa's contention that the IJ violated his due process rights by not providing an Akure interpreter fails because he has not established prejudice. *See Aden v. Holder*, 589 F.3d 1040, 1046-47 (9th Cir. 2009).

Substantial evidence does not support the agency's adverse credibility determination based on a lack of detail in Omojuwa's testimony regarding his bank protocols, or his non-responsiveness. *See Ren*, 648 F.3d at 1085-89 (credibility findings not supported by the record). Substantial evidence does not support the agency's determination that, even if credible, Omojuwa did not establish past harm

15-73276

rising to the level of persecution where the agency failed to consider death threats against Omojuwa and the death of his brother in evaluating the aggregate harm. *See Andriasian v. INS*, 180 F.3d 1033, 1042 (9th Cir. 1999) (death threats, made all the more credible by the fact that the perpetrators had just murdered petitioner's neighbor, would alone be enough to establish past persecution). Further, substantial evidence does not support the agency's determination that Omojuwa failed to show mistreatment by the government or individuals the government is unwilling or unable to control where Omojuwa testified that his attacker informed him he had been sent by the government, had a police escort, and showed Omojuwa a government ID card. *See Singh v. Gonzales*, 494 F.3d 1170, 1173 (9th Cir. 2007) (remanding where the BIA failed to consider evidence).

Thus, we grant the petition as to Omojuwa's asylum, withholding of removal, and CAT claims, and remand, on an open record, for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16-18 (2002) (per curiam); *Soto-Olarte v. Holder,* 555 F.3d 1089, 1093-96 (9th Cir. 2009).

Omojuwa's motion to extend time to file a reply brief and motion to appoint counsel are denied as moot.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**