NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XUE RONG ZHANG, | No.   20-71694 |
| Petitioner, | Agency No. A088-289-357 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2022**
San Francisco, California

Before:  MURGUIA, Chief Judge, BUMATAY, Circuit Judge, and BAKER,***
International Trade Judge.

Xue Rong Zhang petitions for review of the Board of Immigration Appeals'

("BIA") dismissal of her appeal from an Immigration Judge ("IJ") decision denying

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*     The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Zhang raised two grounds for relief before the BIA and in her petition for review: (1) a forced abortion claim; and (2) a religious persecution claim. We review denials of those claims for substantial evidence. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252, and we grant in part, deny in part, and remand to the BIA.

1.      Substantial evidence supports the BIA's denial of relief based on Zhang's religious persecution claim. The BIA affirmed the denial of relief on adverse credibility grounds, which the record as a whole supports. *See Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (holding that courts must review the totality of the circumstances and all relevant factors in evaluating adverse credibility determinations). For example, Zhang inconsistently reported her divorce date. At a 2015 hearing, Zhang testified that she divorced in 2009, after arriving in the United States. But at a 2017 hearing, she testified that her husband divorced her in 2000 because she received an abortion. Further, Zhang's testimony was inconsistent with her household registry, which indicated she was divorced in or before 1997.

Additionally, substantial similarities between Zhang's declaration and those of other applicants, including verbatim matches, undermine Zhang's credibility. The BIA agreed with the IJ that Zhang's purported use of a prepared template did not

adequately explain the similarities because her declaration contained the same grammatical errors as others'.  Finally, the BIA rejected Zhang's argument on appeal that she could have explained the similarities if allowed to confront the other applicants.  That argument, the BIA said, was unpersuasive since the other declarations were created before Zhang's.[1]  These inconsistencies sufficiently support the adverse credibility determination in light of the totality of the circumstances.  *See Li v. Garland*, 13 F.4th 954, 959 (9th Cir. 2021) (holding that inconsistencies "need not go to the heart of a petitioner's claim" and even "minor inconsistencies that have a bearing on a petitioner's veracity may constitute the basis for an adverse credibility determination" (citation omitted)).

Zhang's documentary evidence does not compel a conclusion that she testified credibly, nor that she was persecuted or would be tortured on the basis of her religion if returned to China.  *See Yali Wang*, 861 F.3d at 1007.[2]  Substantial evidence thus supports the BIA's denial of Zhang's claims for asylum, withholding of removal, and CAT relief based on religious persecution.

---

[1] Zhang's assertion on appeal that she was denied an ability to confront potential witnesses because the declarations did not include certificates of translation is also unpersuasive.  She makes no cogent argument about the significance of the certificates, especially since the other applicants' declarations were created months before Zhang's.

[2] Because the adverse credibility determination is supported by substantial evidence, the notice and opportunity requirements of *Ren v. Holder*, 648 F.3d 1079, 1090–93 (9th Cir. 2011), are inapplicable.  *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020); *see also Yali Wang*, 861 F.3d at 1008–09.

2.    However, the BIA erred in failing to consider whether, notwithstanding the BIA's adverse credibility determination, Zhang's documentary evidence independently establishes her claim that she was persecuted when the government forced her to undergo an abortion. *See* 8 U.S.C. § 1101(a)(42) (providing that, "for purposes of determinations under [the asylum statute,] a person who has been forced to abort a pregnancy . . . shall be deemed to have been persecuted"). The administrative record contains copies of both Chinese-language and English translations of (1) a "Certificate of Diagnosis" referring to Zhang either having an abortion or being referred for an abortion and (2) a "Notice to Fire" dated the same day as the Certificate of Diagnosis stating that Zhang was fired from her public employment because of "family planning" violations.

The IJ and the BIA failed to consider whether these documents independently establish Zhang's eligibility for relief, and the BIA instead considered only whether they "corroborated" Zhang's testimony. *See, e.g.*, *Singh v. Gonzales*, 494 F.3d 1170, 1172 (9th Cir. 2007) ("The BIA is obligated to consider and address in its entirety the evidence submitted by a petitioner, and where its failure to do so could have affected its decision, remand is appropriate." (simplified)); *Etemadi v. Garland*, 12 F.4th 1013, 1026 (9th Cir. 2021) ("Where there is any indication that the BIA did not consider all of the evidence before it[,] the decision cannot stand. Such indications include misstating the record and failing to mention highly

4

probative or potentially dispositive evidence." (simplified)).  On remand, the agency should address the independent significance of these documents, especially as they relate to each other.  While neither document refers to the abortion as involuntary, authoritarian states are not known for transparency in the more brutal aspects of their repression.  The "Notice to Fire," dated the same day as the abortion certificate, states that Zhang was fired for violating the "one-child policy," which may be evidence of a forced abortion when viewed together with the abortion certificate.

We therefore remand this case to the BIA to further remand for the IJ to consider (1) the independent significance of the firing notice and the abortion certificate, as read together, separately from Zhang's testimony and, depending on the outcome of that issue, (2) whether Zhang has established eligibility for asylum, withholding, or CAT relief.

**PETITION GRANTED IN PART AND DENIED IN PART.**