NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 7 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GILMA LISSETH CRUZ-MARTINEZ;
DANIEL LEONARDO RAMIREZ CRUZ,

        Petitioners,

    v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No.   18-72497

Agency Nos.   A208-383-214
                  A208-383-215

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2023[**]
San Francisco, California

Before:  FRIEDLAND, BADE, and KOH, Circuit Judges.

Petitioners Gilma Cruz-Martinez and her minor son (collectively,

"Petitioners"), natives and citizens of El Salvador, petition for review of the Board

of Immigration Appeals ("BIA") decision in 2018 denying Petitioners' motion to

_____

        [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reissue a 2017 BIA decision. We dismiss the petition for lack of jurisdiction.

The BIA treated Petitioners' motion to reissue as a motion for sua sponte reopening, and Petitioners do not challenge that aspect of the BIA's decision. *See* 8 C.F.R. § 1003.2(a) (noting that the BIA may sua sponte "reissue [a] decision to correct a defect in service"); *cf. Coyt v. Holder*, 593 F.3d 902, 904 n.1, 905-08 (9th Cir. 2010) (treating a motion to reissue as a motion to reopen for purposes of analyzing whether the motion remained pending despite the petitioner's removal from the United States); *see also Singh v. Gonzales*, 494 F.3d 1170, 1171-72 (9th Cir. 2007) (treating petitioner's request that the BIA "reissue its decision" so he "could timely appeal" as a motion to reopen). Because Petitioners identify no legal or constitutional error in the BIA's refusal to exercise its sua sponte authority to reissue its 2017 decision, we lack jurisdiction to consider the petition. *See Lona v. Barr*, 958 F.3d 1225, 1234 (9th Cir. 2020) (holding that our jurisdiction to review a denial of a motion for sua sponte reopening is "constricted to legal or constitutional error that is apparent on the face of the BIA's decision and does not extend to speculating whether the BIA *might* have misunderstood some aspect of its discretion").

The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

**Petition DISMISSED.**

2