**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 1 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUI LIU,<br><br>    Petitioner,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No. 21-179<br><br>Agency No.<br>A087-396-576<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 27, 2023**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Petitioner Hui Liu, a native and citizen of China, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") decision denying her

motion to reopen her case and reissue its October 16, 2014 decision summarily

dismissing her appeal.  We review the BIA's denial of a motion to reopen and

reissue for abuse of discretion.  *Hernandez-Velasquez v. Holder*, 611 F.3d 1073,

---

  *   This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

  **   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1077 (9th Cir. 2010). Our review is limited to the denial of the motion to reopen and reissue, and we are not permitted to review the BIA's dismissal of her appeal of the Immigration Judge's ("IJ's") decision on the merits. *Toufighi v. Mukasey*, 538 F.3d 988, 995 (9th Cir. 2008). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

The BIA did not abuse its discretion in denying Liu's motion to reissue its 2014 decision because the BIA properly mailed that decision to Liu's address on record, and Liu failed to timely inform the BIA of her new address. *See Singh v. Gonzales*, 494 F.3d 1170, 1172 (9th Cir. 2007) ("If the decision was properly mailed, then the BIA fulfilled its statutory duty of service."); *see also* 8 U.S.C. § 1229(a)(1)(F)(ii) (stating that a noncitizen "must provide the Attorney General immediately with a written record of any change of [] address").

Liu contends that she did not understand her duty to submit a change of address form because she is pro se and is not fluent in English. However, the IJ, through an interpreter, informed Liu of the duty, confirmed her current address, and provided her with physical copies of the change of address form at least three different times. In addition, the notice of appeal form also communicates the obligation to inform about a change of address. Moreover, Liu filed change of address forms several times prior to the BIA's 2014 decision.

Liu further contends that "procedural requirements" should be relaxed because she is pro se. While the "rights of *pro se* litigants require careful protection where highly technical requirements are involved," *Garaux v. Pulley*,

2                                                                                                   21-179

739 F.2d 437, 439 (9th Cir. 1984), the change of address requirement is not highly technical, and Liu submitted four such forms.

Contrary to Liu's contention, she cannot claim a lack of fairness in favor of expediency because she had a full hearing before the IJ and appealed the IJ's decision to the BIA. *Cf. Baires v. INS*, 856 F.2d 89, 93 (9th Cir. 1988) (noting that the desire for expediency in immigration cases cannot "justify the evisceration" of a noncitizen's rights). Liu's contention that she received bad advice from a non-attorney also does not warrant granting her petition. *See Hernandez v. Mukasey*, 524 F.3d 1014, 1020 (9th Cir. 2008) (noting that reliance upon a non-attorney does "not affect the fundamental fairness of [the petitioner's] proceedings").

The stay of removal remains in place until the mandate issues.

**PETITION DENIED.**