**NOT FOR PUBLICATION**

**FILED**

OCT 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUN BAO XUE, AKA Junbao Xue, AKA Jun Bao-Xue, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 25-771 <br><br> Agency No. A213-535-729 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 7, 2025
Honolulu, Hawaii

Before: McKEOWN, FRIEDLAND, and SUNG, Circuit Judges.

Jun Bao Xue ("Xue") petitions for review of a decision by the Board of

Immigration Appeals ("Board") affirming an immigration judge's ("IJ") denial of

Xue's motion to reopen and reissue the IJ's prior written decision and order of

removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. *See Kucana v.*

*Holder*, 558 U.S. 233, 242 (2010). We review the denial of a motion to reopen for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

abuse of discretion. *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 702 (9th Cir. 2022); *see also Coyt v. Holder*, 593 F.3d 902, 904 n.1 (9th Cir. 2010) (a motion to reissue is treated as a motion to reopen). We grant the petition in part, deny the petition in part, and remand for further proceedings.

The IJ denied Xue's application for immigration relief in a February 10, 2022 order ("Order"). The agency then mailed the Order to Xue's counsel twice, but both times the mailing was returned as "not deliverable as addressed [and] unable to forward." After the thirty-day deadline to appeal passed, Xue moved to reopen and reissue the Order. His counsel also filed a Form EOIR-28 updating his address. The IJ denied the motion. The Board affirmed and explained that Xue's counsel had not shown that his own failure to update his address did not cause nonreceipt of the Order.

We deny Xue's petition with respect to his claims regarding the agency's regulatory notice obligation. The agency complied with that obligation when it mailed the Order to Xue's counsel at the address on file. 8 C.F.R. § 1003.37; *id.* § 1292.5(a). Even considering the IJ's one-sentence denial of Xue's motion, the Board did not need to remand for an evidentiary hearing. The Board "adopt[ed] the opinion of the IJ while adding its own reasoning," and thus we "treat[] any additional findings by the [Board] as part of the final agency action." *Arteaga-De Alvarez v. Holder*, 704 F.3d 730, 735 (9th Cir. 2012). As required by

*Hernandez-Velasquez v. Holder*, the Board also considered the "weight and consequences" of counsel's affidavit regarding the nonreceipt of the Order. 611 F.3d 1073, 1078 (9th Cir. 2010) (quoting *Singh v. Gonzales*, 494 F.3d 1170, 1173 (9th Cir. 2007)). The Board concluded that Xue had failed to provide evidence that his counsel's address was valid when the Order was mailed. That was not an abuse of discretion.

We also deny Xue's petition to the extent he argues that the Board deprived him of his due process right to an appeal when it declined to invoke its sua sponte authority to require reissuance of the Order. Such a decision falls within the Board's discretion. 8 C.F.R. § 1003.2(a). Because it is discretionary, the Board's exercise of sua sponte authority does not give rise to a constitutionally protected interest. *Cf. Tovar-Landin v. Ashcroft*, 361 F.3d 1164, 1167 (9th Cir. 2004) ("[A]liens have no fundamental right to discretionary relief from removal for purposes of due process . . . ."). There was no "legal or constitutional error" in the Board's decision. *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

While Xue's petition for review was pending, our court issued its decision in *United States v. Rivera-Valdes*, No. 21-30177, 2025 WL 2672555 (9th Cir. Sep. 18, 2025) (en banc). We concluded that "the notice afforded to noncitizens subject to removal is governed by the due process standards articulated in" *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), and *Jones v. Flowers*,

547 U.S. 220 (2006). *Rivera-Valdes*, 2025 WL 2672555, at *8. We clarified that when the government "learns that its notice efforts have not succeeded, that knowledge triggers an obligation on [its] part to take additional reasonable steps to effect notice, if it is practicable to do so." *Id.* Neither the IJ nor the Board had the benefit of that decision. We remand to the Board to consider the applicability of *Rivera-Valdes* to Xue's petition and the extent of the agency's constitutional notice obligations in this circumstance.[1]

**PETITION GRANTED IN PART; DENIED IN PART; REMANDED.[2]**

The parties shall bear their own costs on appeal.

---

[1] The government acknowledged at oral argument that if Xue's procedural due process claim under *Rivera-Valdes* were forfeited and we exercised our discretion to hear it, remand would be appropriate given the claim's fact-specific nature.

[2] The stay of removal will dissolve when the mandate issues.

25-771