NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 6 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIANA CALMO MATIAS; et al., | No. 20-72574 |
| Petitioners, | Agency Nos. A209-159-178 |
| v. | A209-159-179 |
| | A209-159-180 |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 7, 2022
San Francisco, California

Before: S.R. THOMAS and McKEOWN, Circuit Judges, and ORRICK,** District Judge.

Petitioners Juliana Calmo Matias ("Calmo Matias"), Sonia Matias Calmo

("Sonia"), and Luis Matias Calmo ("Luis"), natives and citizens of Guatemala,

petition for review of the decision of the Board of Immigration Appeals ("BIA")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

dismissing their appeals of the Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We grant in part, dismiss in part, and remand.

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We review questions of law and mixed questions of law and fact de novo and factual findings for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).

I

Contrary to the government's contentions, petitioners sufficiently exhausted their arguments that the BIA and IJ (1) did not consider record evidence of future persecution or torture and (2) did not assess Sonia and Luis's applications for relief individually from Calmo Matias's. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009) (holding that arguments in support of a claim for a particular form of relief are properly exhausted by a petitioner "merely mention[ing] in his brief to the BIA that he was requesting reversal of the IJ's denial of" that specific form of relief (internal quotation marks and citation omitted)); *see also Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) ("[T]he petitioner may raise a general argument

[before the BIA] and then raise a more specific legal issue on appeal."); *Figueroa v. Mukasey*, 543 F.3d 487, 492 (9th Cir. 2008) ("[A] petitioner need not elaborate on the argument in their brief [to exhaust it]." (internal quotation marks and citation omitted)).

As petitioners concede, they did not exhaust the issue of whether Sonia and Luis pleaded to the charges of removability individually and whether the IJ erred in ruling them removable (as distinct from being entitled to relief from removal via asylum, withholding, or CAT protection). That issue is jurisdictionally barred. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

II

The agency erred in denying asylum and withholding of removal; we remand for further consideration of those claims.

A

"The BIA is obligated to consider and address in its entirety the evidence submitted by a petitioner." *Singh v. Gonzales*, 494 F.3d 1170, 1172 (9th Cir. 2007) (internal quotation marks, alteration, and citation omitted). In these cases, the BIA and IJ did not address or indicate that they considered evidence that the break-in, destruction of property, and threats of kidnapping were motivated (at least in part) by petitioners' Mam ethnicity. Specifically, Calmo Matias testified that the criminals had taken similar actions against others in the village and that those who

lived in the village were Mam. Petitioners' country conditions evidence showed that indigenous people—women in particular—face frequent racism, discrimination, and violence in Guatemala on account of being indigenous, often at the hands of "ladinos." And Calmo Matias testified that the men who broke in spoke Spanish to each other and she, consequently, surmised that they were likely ladino.[1]

Consideration of this evidence "could have affected," *id.*, the decision to deny asylum and withholding of removal, requiring remand. The agency based its denial on the lack of a nexus to a protected ground. Based on the evidence above, however, a factfinder could readily conclude that these men targeted Calmo Matias (like her Mam neighbors) at least in part due to being indigenous, even if economic gain was also a motive. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (holding that circumstantial evidence can establish motive of persecution); *Singh v. Holder*, 764 F.3d 1153, 1162 (9th Cir. 2014) (explaining that "a petitioner may have been persecuted both because of [a non-protected ground] *and* because of . . . [a] protected ground").

---

[1] The government implies that Calmo Matias changed her testimony by identifying the men as ladinos "despite her earlier insistence that she could not identify the intruders due to their masks." It is clear that when she testified that she could not tell who the criminals were due to their masks, she meant their individual identities.

B

If, on remand, the BIA determines that the men's actions amount to past persecution, petitioners would be entitled to presumptions of a well-founded fear of persecution (for asylum) and a likelihood of persecution (for withholding), *see Hanna v. Keisler*, 506 F.3d 933, 939–40 (9th Cir. 2007), requiring the BIA to reassess those findings as well. Accordingly, we remand the claims in their entirety for further consideration.

III

The agency erred in denying protection under the CAT because it failed to discuss or indicate that it considered country conditions evidence relevant to the likelihood of torture—in particular, the brutal mistreatment of indigenous people by Guatemalan government officials, including killings and humans rights abuses. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010) ("The failure of the IJ and BIA to consider evidence of country conditions constitutes reversible error."). Nor did the BIA include a "catchall phrase" that it considered all record evidence. *See Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011). In these circumstances, we "grant petitions for review." *Id.* at 771.

IV

We agree with petitioners that each of them is entitled to individualized consideration of their applications for relief. Sonia and Luis have filed individual

applications under 8 U.S.C. § 1229a rather than solely seeking asylum relief derivative of their mother's under 8 U.S.C. § 1158(b)(3). Because petitioners have, for the most part, jointly presented identical evidence and arguments in support of all three applications, joint consideration of that evidence and those arguments is appropriate. But there is no reason that a denial of relief to Calmo Matias would automatically foreclose any other noncitizen's separate application, including Sonia's or Luis's. On remand, the BIA should consider whether Sonia or Luis have established any individual grounds for relief if properly presented.

* * *

Because we remand the asylum, withholding of removal, and CAT claims in their entirety and find the issue of removability unexhausted, we need not and do not address petitioners' other assertions of error or whether they were exhausted.

We emphasize that nothing in our decision is intended to preclude the BIA from also granting Calmo Matias's motion to reopen proceedings below and considering the new evidence she seeks to present.

The government shall bear the costs for these petitions for review.

**PETITIONS GRANTED IN PART, DISMISSED IN PART, and REMANDED.**