NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 8 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBIN BLADMIRO SANCHEZ
PIMENTAL,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1905

Agency No.
A200-602-751

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2024[**]
Phoenix, Arizona

Before: BERZON, HURWITZ, and JOHNSTONE, Circuit Judges.

Robin Bladmiro Sanchez Pimental ("Pimental"), a native of Guatemala,

petitions for review from the denial of his motion to reopen immigration

proceedings based on alleged ineffective assistance of counsel. He also requested

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

that the Board of Immigration Appeals ("BIA") reissue its earlier decision due to his counsel's alleged error. We review the denial of a motion to reopen for an abuse of discretion. *See Cui v. Garland*, 13 F.4th 991, 995 (9th Cir. 2021); *see also Singh v. Gonzales*, 494 F.3d 1170, 1172 (9th Cir. 2007) (treating a request to reissue as a motion to reopen). We deny the petition.

1.　The BIA did not abuse its discretion in denying Pimental's motion to reissue its previous decision. Pimental did not comply with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). As relevant here, under *Lozada*, "'former counsel, whose integrity or competence is being impugned,'" must be notified of the allegations and given an opportunity "'to present his version of events if he so chooses[.]'" *Reyes v. Ashcroft*, 358 F.3d 592, 599 (9th Cir. 2004) (quoting *Lozada*, 19 I. & N. Dec. at 639). Although we have excused strict compliance with *Lozada* where former counsel's error was "plain on the face of the administrative record," *Escobar-Grijalva v. I.N.S.*, 206 F.3d 1331, 1335 (9th Cir.), *amended*, 213 F.3d 1221 (9th Cir. 2000), the record here falls short of providing unequivocal evidence of ineffective assistance. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 825 (9th Cir. 2003). Instead, whether the attorney erred turns on the timing and contents of a phone conversation not detailed in the record and of which Pimental has an incomplete recollection. In addition, because Pimental changed addresses while his first motion to reopen was pending, the

record does not exclude the possibility that his former counsel mailed him information about the BIA's decision, but Pimental failed to receive it through no fault of the attorney's. Had the attorney been notified of Pimental's allegations and given an opportunity to respond, the attorney may well have disputed Pimental's account.

Because we conclude that the BIA's denial of the motion to reissue was supported by Pimental's failure to comply with *Lozada*, we need not consider whether he was prejudiced by the attorney's alleged error.

2. With respect to Pimental's motion to reopen, the BIA did not abuse its discretion in determining that his time and number barred motion did not qualify for equitable tolling. Noncitizens generally may file one motion to reopen within 90 days of a final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i). The BIA determined that equitable tolling was not warranted because Pimental was or should have been aware of its June 2020 decision denying his first motion to reopen, yet did not file his second motion until April 2021. Even assuming, as Pimental asserts, that he did not learn of the BIA's decision until he was detained by immigration authorities on November 2, 2020, and that the deadline should be tolled until then, his second motion to reopen was still filed well outside the 90-day window. Pimental therefore did not act with the requisite due diligence to warrant equitable tolling. *See Iturribarria v. I.N.S.*, 321 F.3d 889, 897 (9th Cir. 2003).

3

**PETITION DENIED.**