NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VALENDO FELIPE LOPEZ DIAZ, <br><br> Petitioner, <br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-3530 <br><br> Agency No. <br> A087-902-174 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2025**
San Francisco, California

Before: S.R. THOMAS, NGUYEN, and BRESS, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge S.R. THOMAS.

Valendo Felipe Lopez Diaz, a native and citizen of Guatemala, petitions for

review of a Board of Immigration Appeals (BIA) decision denying his untimely

motion to reopen removal proceedings to apply for cancellation of removal. We

"review the BIA's denial of a motion to reopen for an abuse of discretion" and may

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

grant relief only if the BIA's decision was "arbitrary, irrational, or contrary to law." *Hernandez-Ortiz v. Garland*, 32 F.4th 794, 800 (9th Cir. 2022) (quoting *Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017)). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

To secure reopening of his removal proceedings, Lopez Diaz must demonstrate "a reasonable likelihood that [he] would prevail on the merits if the motion to reopen were granted." *Fonseca-Fonseca v. Garland*, 76 F.4th 1176, 1179 (9th Cir. 2023). Lopez Diaz sought to reopen his removal proceedings to pursue cancellation of removal, which required him to show, among other things, that his removal would result in "exceptional and extremely unusual hardship" to his qualifying relatives. 8 U.S.C. § 1229b(b)(1)(D). "[E]xceptional and extremely unusual hardship" is hardship that is "substantially different from, or beyond, that which would normally be expected from the deportation of a close family membe[r]." *Wilkinson v. Garland*, 601 U.S. 209, 222 (2024) (internal quotation marks omitted) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (BIA 2001)). Under this standard, "the hardship must be out of the ordinary and exceedingly uncommon. It must deviate, in the extreme, from the norm." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006 (9th Cir. 2025).

In this case, the BIA did not abuse its discretion in denying the motion to reopen because Lopez Diaz failed to establish prima facie eligibility for cancellation

of removal. The BIA correctly articulated the governing legal standards for both motions to reopen and cancellation of removal. Nor did the BIA abuse its discretion in denying Lopez Diaz's motion to reopen based on his failure to show exceptional and extremely unusual hardship to his qualifying relatives. The BIA considered Lopez Diaz's children's young ages and his status as the family's sole breadwinner. But the BIA concluded that Lopez Diaz failed to explain whether there was any family or community-level support for his daughters and what efforts his spouse had made to earn an income and obtain childcare. The BIA's assessment was based on a reasonable view of the record.

Lopez Diaz argues that in discussing his daughter's anxiety over his removal, the BIA failed to consider letters from counselors and others, which discuss the daughter's ongoing counseling. However, these letters were included among 300 pages of other evidence, and Lopez Diaz's counseled motion to reopen did not clearly bring these materials to the BIA's attention in arguing that his removal would cause exceptional and extremely unusual hardship to his daughter. *See Toquero v. I.N.S.*, 956 F.2d 193, 196 n.4 (9th Cir. 1992) (noting that a "reviewing body" is not required to "sift through the record in order to search for errors and build the appellant's argument").

Regardless, there is no basis to conclude that the additional materials would have changed the BIA's hardship determination. *See Zamorano v. Garland*, 2 F.4th

1213, 1228 (9th Cir. 2021) (applying harmless error in reviewing BIA decisions). Although the additional evidence unfortunately shows that Lopez Diaz's daughter is experiencing sadness and anxiety over her father's potential removal, they do not suggest a level of hardship that is "out of the ordinary and exceedingly uncommon," as compared to the hardship "that results in the usual, ordinary course when an alien is removed." *Gonzalez-Juarez*, 137 F.4th at 1006.

We therefore respectfully disagree with our dissenting colleague that remand is necessary or appropriate in this case. Even assuming that Lopez Diaz properly brought the letters in question to the BIA's attention, which he did not, we remand for the BIA to consider additional evidence "where its failure to do so could have affected its decision," *Zhao v. Holder*, 728 F.3d 1144, 1149 (9th Cir. 2013) (quoting *Singh v. Gonzales*, 494 F.3d 1170, 1172 (9th Cir. 2007)), which is not the case here.[1]

**PETITION DENIED.**

---

[1] Lopez Diaz does not challenge the BIA's denial of sua sponte reopening in his opening brief and so has forfeited the issue. *See Hernandez-Ortiz*, 32 F.4th at 804 n.1 (issues not raised are forfeited).

*Lopez Diaz v. Bondi*; No. 23-3530

S. R. Thomas, Circuit Judge, concurring in part and dissenting in part:

I agree that the Board of Immigration Appeals ("BIA") correctly articulated the governing legal standards for both motions to reopen and cancellation of removal. However, in this case, the BIA abused its discretion by ignoring evidence submitted by the petitioner and erroneously reported that the petitioner had not supplied such evidence. We have long held that the BIA abuses its discretion on a motion to reopen when it fails to consider the evidence submitted by the petitioner "in its entirety." *Zhao v. Holder*, 728 F.3d 1144, 1149 (9th Cir. 2013) (*quoting Singh v. Gonzales*, 494 F.3d 1170, 1172 (9th Cir. 2007)); *Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) (*quoting Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir. 2005)). The BIA's error is plain on the face of its decision. Therefore I would grant the petition and remand for the BIA properly to consider the actual evidence tendered and reach a decision based on that evidence, rather than on its mis-perception of what evidence the petitioner had submitted. For this reason, I respectfully dissent in part.